Jason A. Geller (CA SBN 168149)
jgeller@fisherphillips.com
Juan C. Araneda (CA SBN 213041)
jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, CA 94111
Telephone: 415/490-9000
Facsimile: 415/490-9001

Attorneys for Defendant
WALMART INC. (erroneously sued as WAL-MART ASSOCIATES, INC.)

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

CONNIE ANGLIN,

            Plaintiff,

   vs.

WAL-MART ASSOCIATES, INC.,
and DOES 1 through 10, inclusive,

            Defendants.

Case No.: '21CV2110 LAB KSC

[*Previously assigned to the Honorable Cynthia A. Freeland of the San Diego County Superior Court; Case No. 37-2021-00047412-CU-WT-NC*]

**DEFENDANT'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441 and 1446 (DIVERSITY JURISDICTION)**

State Complaint: November 8, 2021

## NOTICE OF REMOVAL

     Pursuant to 28 U.S.C. sections 1332, 1441 and 1446, Defendant Walmart Inc. (erroneously sued as Wal-Mart Associates, Inc.) ("Defendant"), by and through its attorneys of record, hereby removes the above-entitled action from the Superior Court of the State of California in and for the County of San Diego, to the United States District Court for the Southern District of California, on the following grounds:

**BASIS FOR REMOVAL - DIVERSITY OF CITIZENSHIP**

1.    On November 8, 2021, Plaintiff Connie Anglin filed a Complaint in the Superior Court of the State of California in and for the County of San Diego styled *Connie Anglin v. Wal-Mart Associates, Inc., et al.* Case No. 37-2021-00047412-CU-WT-NC.

2.    Removal of a case to federal court is governed in part by 28 U.S.C section 1441, which generally allows removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).

3.    Pursuant to 28 U.S.C. section 1332, the United States District Court for the Southern District of California has original jurisdiction over the parties and the subject matter of this action because it is an action arising in San Diego County, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, and it is an action between citizens of different states. 28 U.S.C. §§ 1332(a), 1441. *See also* L.R. 120(d).

4.    A copy of Plaintiff's Complaint, filed in the Superior Court of the State of California, County of San Diego, along with a copy of the Summons and all other materials served on Defendant by Plaintiff are attached hereto as <u>Exhibit 1</u>. A true and correct copy of the Answer to the Complaint filed by Defendant in the San Diego County Superior Court on December 20, 2021, is attached hereto as <u>Exhibit 2</u>. Exhibits 1 and 2 constitute all process, pleadings, and orders known by Defendant to exist in this action.

5.    Walmart Inc., is a Delaware corporation, with its principal place of business in Arkansas. (Araneda Decl., ¶3, Exh. B.) Defendant maintains its

executive office in Arkansas, and the management of Defendant's operations and finances is performed in Arkansas. (*Id*.)[1]

6.    Wal-Mart Associates, Inc., is also a Delaware corporation, with its principal place of business in Arkansas. (Araneda Decl., ¶4, Exh. C.) Wal-Mart Associates, Inc., maintains its executive office in Arkansas, and the management of Wal-Mart Associates, Inc.'s operations and finances is performed in Arkansas. (*Id*.)  To the extent required, Wal-Mart Associates, Inc., consents to this removal.

7.    The defendants designated Does 1 to 10 in Plaintiff's Complaint are fictitious defendants, and have not been served, to Defendant's knowledge.  (S*ee* Complaint ¶9.)  Un-served defendants need not join in the notice of removal. *See Emrich v. Touche Ross & Co.,* 846 F.2d 1190, 1193 n.1 (9th Cir. 1988). Additionally, the citizenship of fictitious defendants is disregarded for purposes of removal. 28 U.S.C. § 1441(b)(1).

8.    Plaintiff is a citizen of California. (Complaint ¶4.)  Accordingly, this action is between citizens of different states, specifically California and Arkansas. This complete diversity of citizenship existed at the time Plaintiff filed her Complaint and it exists at the time of this removal.

9.    As required by 28 U.S.C. section 1446(b), this petition is filed within thirty (30) days after Defendant was served with the Summons and Complaint. FRCP 6(a)(1)(C). Specifically, on November 19, 2021, Plaintiff served her Complaint upon Wal-Mart Associate, Inc.'s agent for service of process (CT Corporation) in California. (Araneda Decl., ¶5, Exh. D.)

## AMOUNT IN CONTROVERSY

10.    Plaintiff alleges claims for damages that exceed $75,000. Plaintiff specifically alleges special damages for lost wages and benefits in the amount of

---

[1] Effective February 1, 2018, Wal-Mart Stores, Inc., changed its name to Walmart Inc. (Araneda Decl., ¶2, Exh. A.)

$300,000 and general damages for emotional distress in the amount of $800,000. (Complaint ¶8.)

11.    When removal is sought on diversity grounds, generally "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."  28 USC § 1446(c)(2).  Where, as here, a state court complaint expressly seeks *more* than $75,000, removal on the basis of diversity will be allowed unless the amount set forth in the initial complaint was stated in bad faith. Because plaintiff instituted the case in state court, there is a strong presumption plaintiff did not inflate the claim to support removal.  *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 290 (1938); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).  Accordingly, the amount in controversy exceeds $75,000 as specifically pleaded by Plaintiff.

12.    In determining the amount in controversy for purposes of assessing the propriety of a removal, a Court must assume that the allegations in the Complaint are true and must assume that a jury will return a verdict for the plaintiff on all claims made in the Complaint. *See, White v. FCI USA, Inc.,* 319 F.3d 672, 674-76 (5th Cir. 2003).  As noted above, Plaintiff specifically seeks special damages for lost wages and benefits in the amount of $300,000 and general damages for emotional distress in the amount of $800,000.  (Complaint ¶8.)  As such, Plaintiff's own allegations support that the amount in controversy exceeds the jurisdictional minimum amount of $75,000.

13.    Even in the absence of a "good faith" demand on the face of the state court complaint, the defendant may show "by a preponderance of the evidence, that the amount in controversy exceeds the statutory amount."  *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 397 (9th Cir. 2010); *Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 683 (9th Cir. 2006).  In other words, this Court may consider whether it is facially apparent from the Complaint that it is more likely

than not that the jurisdiction amount of $75,000 is in controversy.  *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).   Defendant, however, is not obliged to "research, state, and prove the plaintiff's claims for damages."  *Singer*, 116 F.3d at 377.  Notwithstanding the fact Plaintiff actually specifies the dollar amount of damages being sought in the Complaint, the allegations of the Complaint demonstrate that Plaintiff seeks damages in excess of the jurisdictional requirement of $75,000.  Economic damages, non-economic damages, general damages, punitive damages, and attorneys' fees are all included in determining the amount in controversy.  *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998).

14.   While Defendant denies any liability as to Plaintiff's claims, Defendant can satisfy its burden of showing that the jurisdiction threshold of $75,000 is in controversy.  *Sanchez*, 102 F.3d at 404.  "[That] burden is not 'daunting,' as courts recognize that under this standard, removing defendant is not obligated to 'research, state, and prove the plaintiff's claim for damages.'"  *Muniz v. Pilot Travel Centers LLC*, 2007 WL 1302504, *2 (E.D. Cal. May 1, 2007) (quoting *McCraw v. Lyons*, 863 F. Supp. 430, 434 (W.D. Ky. 1994)).  In measuring the amount in controversy, the Court must assume that the allegations of the Complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the Complaint.  *Korn v. Polo Ralph Lauren*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008).  Further, the Court may examine extrinsic evidence of the amount in controversy.  *See Singer*, 116 F.3d at 377 (requiring parties to submit "summary-judgment-type evidence relevant to the amount of controversy at the time of removal") (citation omitted).

15.   Though Defendant denies that Plaintiff is entitled to any damages, Plaintiff seeks (1) special compensatory damages, including past and future lost

wages; (2) general compensatory damages, including past and future emotional distress.; (3) civil penalties; (4) pre-judgment interest; (5) punitive and exemplary damages; (6) costs of suit; (7) attorneys' fees; and (8) any other relief the Court may deem just and proper.  (*See* <u>Exhibit 1</u> at p. 13, Prayer for Relief ¶¶ 1–8.) California federal courts have routinely found that the amount-in-controversy requirement is satisfied in cases with similar claims.  *See, e.g., Rodriguez v. Home Depot, USA, Inc.*, No. 16-CV01945-JCS, 2016 WL 3902838 (N.D. Cal. July 19, 2016) (amount-in-controversy requirement satisfied in wrongful termination case seeking lost wages, equitable relief, restitution, emotional distress damages, punitive damages, and attorneys' fees and costs); *Castanon v. Int'l Paper Co.*, No. 2:15-CV-08362-ODW, 2016 WL 589853 (C.D. Cal. Feb. 11, 2016) (amount-in-controversy requirement satisfied in disability discrimination case seeking lost earnings, emotional distress and punitive damages, and attorneys' fees); *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029 (2002) (amount-in-controversy requirement satisfied in employment discrimination case seeking compensatory damages, punitive damages, emotional distress damages, injunctive relief, and attorneys' fees).

16.   Here, the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs, based on the following allegations and evidence:

a.   **Plaintiff's Lost Wages.** Plaintiff alleges that as a result of Defendant's conduct, she is entitled to "special compensatory damages, including past and future lost wages…." (<u>Exhibit 1</u> at p. 13, Prayer for Relief ¶ 1).  Under California's Fair Employment and Housing Act, Cal. Gov't Code section 12926, *et seq.*, all non-contractual tort remedies are potentially recoverable, including back pay, front pay, compensatory damages, punitive damages, attorneys' fees and costs.  *See, e.g., Commodore Home Sys., Inc. v. Super. Ct.*, 649 P.2d 912 (Cal. 1982).  Here,

Even if Plaintiff's rate of pay is assumed to be the minimum wage rate in California of 14.00 per hour, this amount translates to wages in the amount of $29,120 per year ($14.00 per hour x 40 hours per week x 52 weeks per year).  Plaintiff alleges that her employment was terminated on November 27, 2020. (Complaint, ¶32.) Thus, a very conservative estimate of Plaintiff's alleged backpay wage loss alone, not taking into account alleged lost benefits, at the time of removal is $30,240 ($14.00 per hour x 40 hours per week x 54 weeks since termination). Of course, this amount does not take into account any future lost wages Plaintiff may claim.

b.  **Plaintiff's Special and General Damages for Emotional Distress.**  Plaintiff alleges that, as a result of Defendant's alleged conduct toward her caused her to suffer, "…mental, and emotional injuries and distress, pain and suffering…."  (Exhibit 1 at p. 3, ¶ 11.)  The emotional distress component of Plaintiff's alleged damages must be considered in determining whether the amount in controversy requirement has been established.  *See Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005) ("[T]he district court properly considered...emotional distress damage awards in similar age discrimination cases.").  Further, a defendant may use damage awards in other cases to establish that the amount n controversy exceeds $75,000.  *See Simmons*, 209 F. Supp. 2d at 1033. Emotional distress damages in employment discrimination cases in California generally exceed $50,000, and can be even more substantial, reaching and exceeding the jurisdictional minimum of $75,000 alone.  *See, e.g., Wang v. Reese Scientific Corp.*, Dkt. No. CGC-13-528233, 2014 WL 5389950 (Cal. Super. Ct. S.F. June 9, 2014) (awarding plaintiff $166,302 for emotional distress damages on claims including discrimination and wrongful termination); *Stallworth v. City of Los Angeles*, Dkt. BC341480,

2009 WL 2421975 (Cal. Super. Ct. L.A. July 24, 2009) (awarding $100,000 in emotional distress damages on race discrimination and retaliation claims); *Swinton v. Potomac Corp.*, 270 F.3d 794, 799 (9th Cir. 2001) (affirming award of $30,000 in emotional distress damages in employment discrimination case where back pay was only $5,612); *Velez v. Roche*, 335 F.Supp.2d 1022, 1038–40 (N.D. Cal. 2004) (surveying discrimination and retaliation cases awarding emotional distress damages and concluding "that substantial jury awards of hundreds of thousands of dollars for non-economic damages have been upheld where there is evidence...that the plaintiff suffered heightened mental anguish"). Thus, if Plaintiff is able to prove her claims at trial, it is reasonable to conclude that Plaintiff will seek, and a jury may award, in excess of $75,000 for emotional distress damages. Accordingly, the amount in controversy here clearly exceeds $75,000, especially when Plaintiff's lost wages damages are added to a potential recovery of emotional distress damages of at least $75,000.

   c. **Plaintiff's Attorneys' Fees.** Plaintiff also seeks to recover attorneys' fees. (Exhibit 1 at p. 13, Prayer for Relief ¶ 7.) Attorneys' fees (future and accrued) are also properly considered in calculating the amount in controversy for purposes of removal on grounds of diversity. *See Fritsch v. Swift Transp. Co. of Arizona, LLC,* 899 F.3d 785, 794 (9th Cir. 2018); *Galt G/S*, 142 F.3d at 1156 (claims for attorneys' fees are to be included in amount in controversy, regardless of whether award is discretionary or mandatory). The Ninth Circuit Court of Appeals has held that "Section 1332(a)'s amount-in-controversy requirement excludes only 'interest and costs' and therefore includes attorneys' fees." *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007). Under California Government Code section 12965(b), the court in its discretion may award

fees and costs to the "prevailing party" in Fair Employment and Housing Act lawsuits. Although the statute provides that the court "may" award fees, cases hold that a prevailing plaintiff is entitled to fees "absent circumstances that would render the award unjust." *Horsford v. Board of Trs. of Cal. State Univ.*, 132 Cal.App.4th 359, 394 (2005). Defendant anticipates that depositions will be taken in this case and that Defendant may ultimately file a Motion for Summary Judgment. Based on defense counsel's experience, attorneys' fees in employment discrimination cases generally will exceed $50,000, and will often exceed $100,000. Other courts have also noted that in individual employment cases, attorneys' fees alone can often exceed the jurisdictional minimum. *See, e.g., Simmons*, 209 F. Supp. 2d at 1035 (N.D. Cal 2002) ("The court notes that in its twenty-plus years' of experience, attorneys' fees in individual discrimination cases often exceed the damages."); *Haase v. Aerodynamics, Inc.*, No. 2:09-CV-01751-MCE- GG, 2009 WL 3368519, at *5 (E.D. Cal. Oct. 19, 2009) (finding that "even a minimal award of attorneys' fees would cause the amount in controversy to exceed the jurisdictional minimum."). Thus, it is more likely than not that the fees incurred in this case will exceed at least $50,000 through discovery and a summary judgment hearing, and the fees would certainly exceed $100,000 if the case proceeds to trial. Accordingly, even assuming an attorneys' fees award of $50,000, the amount in controversy threshold of $75,000 would be easily surpassed when aggregating Plaintiff's claimed lost wages, emotional distress damages, and potential attorneys' fee award.

**Plaintiff's Claimed Punitive Damages.** Plaintiff also seeks to recover punitive damages, alleging, without any specific support, that Defendant's conduct was "malicious, oppressive, fraudulent, despicable,

and not tolerated by civilized society…." (Exhibit 1 at p. 7, ¶ 46; Exhibit 1 at p. 13, Prayer for Relief ¶ 5.) Punitive damages are part of the amount in controversy in a civil action. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963) (punitive damages must be taken into account where recoverable under state law). Although Plaintiff's claim for punitive damages appears to be weak, courts have recognized that California jury verdicts "amply demonstrate the potential for large punitive damages awards in employment discrimination cases." *See Simmons*, 209 F. Supp. 2d at 1033. Therefore, Plaintiff's request for punitive damages weighs in favor of establishing the amount in controversy.

17.  Based upon the foregoing, it is respectfully submitted that the amount in controversy exceeds $75,000, and that this action is properly removed to this Court.

## VENUE & INTRA-DISTRICT ASSIGNMENT

18.  Pursuant to 28 U.S.C. section 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." *See Polizzi v. Cowles Magazines*, *Inc.*, 345 U.S. 663, 666 (1953) (holding the venue of a removed action is governed by 28 U.S.C. section 1441(a) and is properly laid in the district embracing the place where the action is pending). This Court embraces the San Diego County Superior Court, which is where Plaintiff's Complaint was originally filed and where the action is currently pending. Accordingly, this Court is the appropriate court to which to remove this action.

/ / /

## NOTICE OF REMOVAL

19.    As required by 28 U.S.C. section 1446(d), a copy of the Notice of Petition for Removal will be attached to a pleading entitled Notice to Adverse Party and State Court of Removal of Action to Federal Court and promptly served on Plaintiff and filed with the Clerk of the Superior Court of the State of California, in and for the County of San Diego.

20.    In compliance with 28 U.S.C. section 1446(a), true and correct copies of all "process, pleadings, and orders" from the State Court Action served on Defendant or filed by Defendant are attached to this Notice of Petition for Removal as Exhibits 1–2.

## CONCLUSION

21.    Complete diversity of citizenship exists inasmuch as Plaintiff is a citizen of California and Defendant is a citizen of Delaware and Arkansas. Furthermore, the amount in controversy exceeds $75,000.  Accordingly, this Court has diversity jurisdiction of this matter pursuant to 28 U.S.C. sections 1332, 1441, and 1446, and Defendant has properly removed the State Court Action to this Court.  Defendant reserves, and does not waive, any objections it may have to jurisdiction, venue, and any and all other defenses or objections to the action.

## PRAYER FOR REMOVAL

WHEREFORE, Defendant prays that the State Court Action be removed from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.

DATED:  December 20, 2021           FISHER & PHILLIPS LLP


By: */s/ Juan C. Araneda*
      Jason A. Geller
      Juan C. Araneda
      Attorneys for Defendant WALMART
      INC. (erroneously sued as WAL-
      MART ASSOCIATES, INC.)

# EXHIBIT 1

**SUM-100**

# `SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:** <br> *(AVISO AL DEMANDADO):* <br> WAL-MART ASSOCIATES, INC.; and DOES 1 to 10, inclusive <br><br><br> **YOU ARE BEING SUED BY PLAINTIFF:** <br> *(LO ESTÁ DEMANDANDO EL DEMANDANTE):* <br> CONNIE ANGLIN | *FOR COURT USE ONLY* <br> *(SOLO PARA USO DE LA CORTE)* <br><br> **ELECTRONICALLY FILED** <br> Superior Court of California, <br> County of San Diego <br><br> **11/08/2021** at 12:47:02 PM <br> Clerk of the Superior Court <br> By Veronica Navarro, Deputy Clerk |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is: <br> *(El nombre y dirección de la corte es):* | 37-2021-00047412-CU-WT-NC |

San Diego County Superior Court - North County Division
325 S. Melrose Drive
Vista, CA 92081

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Khatib & Rojas PC
Mazen Khatib, Esq.; Jorge Rojas, Esq.
790 E. Colorado Blvd., 9ᵗʰ Fl., Pasadena CA 91101  Tel: (877) 791-0432

| | | | |
|---|---|---|---|
| DATE: **November 9, 2021** <br> *(Fecha)* | Clerk, by <br> *(Secretario)* | *V. Navarro* <br> V. Navarro | , Deputy <br> *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* WAL-MART ASSOCIATES, INC.
   under:  ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
           ☐ CCP 416.40 (association or partnership)  ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

| | | |
|---|---|---|
| Form Adopted for Mandatory Use <br> Judicial Council of California <br> SUM-100 [Rev. July 1, 2009] | **SUMMONS** | American LegalNet, Inc. <br> www.FormsWorkflow.com | Code of Civil Procedure §§ 412.20, 465 <br> www.courtinfo.ca.gov |

MAZEN KHATIB (306263)
JORGE ROJAS (324979)
KHATIB & ROJAS P.C.
790 E. Colorado Blvd. 9th Floor
Pasadena, CA 91101
877-791-0432
mazen.khatib@calemploymentattorneys.com
jorge.rojas@calemploymentattorneys.com

Attorneys for Plaintiff Connie Anglin

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/08/2021** at 12:47:02 PM
Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CONNIE ANGLIN, | 37-2021-00047412-CU-WT-NC |
| Plaintiff, | Case No.: |
| vs. | **COMPLAINT FOR DAMAGES FOR:** |
| WAL-MART ASSOCIATES, INC.; and DOES 1 to 10, inclusive | (1) Association Disability Discrimination in violation of Violation of the Fair Employment and Housing Act; |
| Defendant(s). | (2) Retaliation for CFRA Leave in Violation of Government Code Section 12945.2; |
| | (3) Failure to Engage in the Interactive Process in Violation of the Fair Employment and Housing Act; |
| | (4) Failure to Provide Reasonable Accommodation in Violation of the Fair Employment and Housing Act; |
| | (5) Retaliation in Violation of the Fair Employment and Housing Act; |
| | (6) Failure to Prevent Harassment, Discrimination and Retaliation in Violation of the Fair Employment and Housing Act; |
| | (7) Wrongful Termination in Violation of Public Policy. |
| | **DEMAND FOR JURY** |

1

COMPLAINT

1 | Plaintiff Connie Anglin (hereinafter "Plaintiff") hereby brings her complaint against Defendant

2 | Wal-Mart Associates, Inc. (hereafter "Defendant") and Does 1 through 10, inclusive (collectively

3 | the "Defendants") and alleges as follows:

4 | ## SUBJECT MATTER JURISDICTION

5 | 1.      This action is brought pursuant to California Govt. Code sections 12940; 12945.2,

6 | 12926; 2 Cal. Code Reg. sections 11069 and 11096; California tort law and Civ. Code section 3294.

7 | 2.      Plaintiff has timely exhausted her administrative remedies with respect to the named

8 | Defendants. True and correct copies of Plaintiff's administrative complaint(s) to, and Right-to-Sue

9 | Notice(s) from, the California Department of Fair Employment and Housing is attached hereto as

10 | Exhibit 1 and incorporated herein.

11 | 3.      This Court has subject matter jurisdiction over the causes of action alleged in this

12 | complaint.

13 | ## PERSONAL JURISDICTION AND VENUE

14 | 4.      At all relevant times, Plaintiff is and was an individual working in the County of San

15 | Diego while residing in the County of San Diego, State of California.

16 | 5.      At all relevant times, Defendant is and was a corporation organized under the laws of

17 | the State of Delaware, residing in, and authorized to do and doing business in the County of San

18 | Diego, State of California.

19 | 6.      On information and belief, Plaintiff worked at Defendant's store #2245 located at

20 | 705 College Boulevard, Oceanside, California 92057.

21 | 7.      The violations of law described in this complaint have been committed within the

22 | counties of Riverside and San Diego, State of California.

23 | 8.      Pursuant to section 393 of the California Code of Civil Procedure, the County of San

24 | Diego is a proper and legal venue for this case.

25 | 9.      The true names and capacities of the Defendants named herein as DOES 1 to 10,

26 | inclusive, whether individual, proprietorship, partnership, corporate, associate, alter ego, or

27 | otherwise, are unknown to Plaintiff who therefore sues Defendants by fictitious names pursuant to

28 |

1   California Code of Civil Procedure Section 474. Plaintiff will amend this complaint to show such

2   true names and capacities when they have been determined.

3         10.    At all times herein, Defendants, whether or not specifically identified or designated

4   herein as a Doe, and each of them, were the agents, employees, servants, partners independent

5   contractors, joint venturers and participants with all other Defendants, and with each other, and in

6   doing the things hereinafter mentioned, were agents, employees, servants, partners, joint venturers,

7   and with the consent and permission of the co-Defendants, and each of them.

8         11.    The wrongful conduct of Defendants set forth in the General Allegations and various

9   Causes of Action proximately caused Plaintiff to suffer damages, injuries, loss and/or harm,

10   including but not limited to physical, mental, and emotional injuries and distress, pain and suffering,

11   lost wages and benefits and health care expenses, and other general, special, and statutory damages

12   in amounts to be proven.

13                     **GENERAL ALLEGATIONS**

14         12.    Plaintiff was an employee of Defendant from on or about December 20, 2003, until

15   her wrongful termination on November 27, 2020.  Plaintiff worked for Defendant as a Sales

16   Associate in its Oceanside location (store #2245).

17         13.    Throughout her 17-year employment, Plaintiff performed her job functions diligently

18   and competently.  Her work was often lauded by managers even as she contended with restrictive

19   carpal tunnel issues that developed in 2014.  On or about February 2019, Plaintiff required CFRA

20   leave to attend to her own physical disability.

21         14.    Plaintiff was eligible for CFRA. She worked over 1,250 hours in the prior year.

22   CFRA applied to Defendant because Defendant employed over 50 employees in the specified

23   region.

24         15.    On or around March 19, 2019, Plaintiff received word that her father was gravely ill.

25   Plaintiff immediately requested a leave of absence to tend to her dying father in Illinois.

26   Unfortunately, Plaintiff's father passed away about a month later.

27         16.    While attending to her father, Plaintiff became aware of her elderly mother's serious

28   health condition that required continual treatment.  On April 21, 2019, Plaintiff reached out to

1   Sedgwick, a third-party administrator handling Defendant's workers compensation, disability, and
2   medical leave claims. Plaintiff informed Sedgwick of her father's death and mother's failing health.
3   She requested and was granted leave through the end of the calendar year.

4       17.     At all relevant times, Plaintiff was qualified for and performed her position
5   competently. Plaintiff could perform all her essential functions and fundamental duties of her job,
6   and of reasonably available alternative positions, with or without reasonable accommodation.
7   Plaintiff performed her duties safely and efficiently.

8       18.     Defendant discriminated against Plaintiff based on her medical leave and her
9   association to her disabled mother. Defendant discriminated against Plaintiff by ignoring her
10  repeated requests to return to work; including offers to transfer stores, letters, emails, and in-store
11  visits. Defendant further discriminated and retaliated against Plaintiff by wrongfully terminating her
12  employment.

13      19.     Defendant retaliated against Plaintiff based upon Plaintiff's exercise of her right to
14  CFRA leave. Defendant failed to engage Plaintiff in the interactive process and to provide her a
15  reasonable accommodation.

16      20.     . Plaintiff's elderly mother has physical disabilities that limit major life activities
17  and requires continuous assistance and care. Defendant regarded and knew Plaintiff associated with
18  her disabled mother.

19      21.     On or about October 7, 2019, Plaintiff called Sedgwick, and made a request for
20  additional time to care for her mother. Her request was approved by Store Manager - Ryan
21  Brandenburg ("Brandenburg") and People Manager Sara Orendain ("Orendain"). Plaintiff was
22  given an extension of her leave until February 25, 2020.

23      22.     Throughout her leave, Plaintiff stayed communitive with her employer and
24  Sedgwick.

25      23.     In or around early-February 2020, Plaintiff began reaching out to Orendain seeking
26  help facilitating her return to work. Plaintiff was concerned that she was not able to log into
27  Defendant's employee portal, WalmartOne, to find out if she was on the weekly schedule. Plaintiff
28  called the Oceanside office nearly once a day.

24.     In late February of 2020, Plaintiff was finally able to reach Orendain on the phone. Plaintiff requested help returning to work and gaining access to WalmartOne. Plaintiff even expressed a willingness to transfer stores.  Orendain failed to provide Plaintiff with any helpful information to get her back on the schedule.  Plaintiff tried reaching out again, but Orendain was on vacation and unavailable.

25.     Over the subsequent weeks, Plaintiff continuously called Defendant seeking guidance on returning to work.  Plaintiff attempted calling different store locations but was still unable to obtain any useful instruction or guidance.  Plaintiff was left in the dark about her expected return date, daily schedule, and assigned store.

26.     On or about March 23, 2020, frustrated and concerned about her employment, Plaintiff went into the Oceanside store to seek answers from Orendain.  Orendain was unavailable.

27.     During April of 2020, Plaintiff made weekly calls continuing to seek answers about her employment status.  Defendant failed to respond to Plaintiff's calls or messages.

28.     On information and belief, during the month of May 2020, Plaintiff continued calling Defendant in her effort to return to work.

29.     On or about May 29, 2020, Plaintiff emailed Orendain expressing her concern about not hearing from anyone about her return and seeking to get on the schedule.  Plaintiff did not receive a responsive email.

30.     On information and belief, between June and October Plaintiff intermittently tried to contact Defendant about her job status.

31.     On October 5, 2020, Plaintiff sent a letter to Brandenburg and Orendain pleading to be allowed to return to work. Plaintiff detailed her efforts to return to work and Walmart's refusal to allow her to return.  Defendant failed to respond to the letter.

32.     On November 27, 2020, Defendant terminated Plaintiff's 17-year employment without ever placing her back on the schedule or providing her instructions or guidance about returning to work.

33.     Defendant's stated reason for the termination, purported job abandonment, is a transparent pretext for Defendant's discriminatory, retaliatory, and wrongful conduct.

1  34. Plaintiff was terminated in retaliation for her use of leave, and her request for

2 accommodations.

3  35. Defendant was substantially motivated to and did discriminate and retaliate against

4 Plaintiff based upon Plaintiff's association with someone with disabilities, her mother, and exercise

5 of CFRA leave.

6  36. Defendant's discriminatory adverse employment actions against Plaintiff included

7 termination, failure, and refusal to stop the discrimination, and otherwise discriminating and

8 retaliating against Plaintiff in the terms and conditions of Plaintiff's employment.

9  37. Defendant's discriminatory adverse employment actions against Plaintiff include a

10 refusal to engage in the interactive process to allow Plaintiff's return to work.

11  38. As the proximate result of Defendants' wrongful conduct, Plaintiff has and will

12 suffer past and future lost wages and benefits in an amount to be determined by the trier of fact but

13 estimated to be no less than $300,000. As the proximate result of Defendants' wrongful conduct,

14 Plaintiff has and will suffer emotional distress damages in an amount to be determined in the

15 discretion of the trier of fact but estimated to be no less than $800,000.

16  39. On information and belief, Orendain is a managing agent of Defendant's, because on

17 information and belief, she set and/or implement major corporate policies for Defendant's, has the

18 power to manage, supervise, evaluate, discipline, hire, and fire employees, enter in substantial

19 agreements on behalf of Defendant's, and participated in and/or ratified the discriminatory,

20 retaliatory, and unlawful termination of Plaintiff. She had the authority to recommend, determine,

21 implement, ratify, and/or enforce major policies of Defendant's.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**

**ASSOCIATION DISCRIMINATION BASED UPON DISABILITY**

**Govt. Code Section 12940,**

**By Plaintiff against Employer Defendant**

27  40. Plaintiff realleges and incorporates by reference each and every allegation in the

28 above numbered paragraphs above as though fully set forth herein.

41.     Discrimination based on an employee's association with a person who is (or is perceived to be) disabled is an unlawful employment practice under FEHA. Gov. Code Section 12926(o). It is unlawful discrimination under FEHA if an employee with such an association, who is otherwise qualified to do his or her job, with or without reasonable accommodation, is subject to an adverse employment action because of his or her association with a person with a disability.

42.     Defendant subjected Plaintiff to adverse employment actions due to her association with her disabled parents. Defendant knew and understood Plaintiff's mother required attention to tend to her physical disabilities and serious health condition, as a result Defendant decided to take adverse employment actions against Plaintiff before she could return from leave, including ignoring her various inquiries related to returning to work, failing to engage regarding scheduling and a potential transfer, and ultimately terminating Plaintiff's employment.

43.     Defendant's adverse employment actions were substantially motivated by Plaintiff's protected class. This violated Govt. Code 12940, including subsection (a). Plaintiff's associational disability was a motivating factor in Defendant's aforementioned decision to terminate Plaintiff's employment.

44.     Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to identify, offer and provide, effective reasonable accommodations for Plaintiff's and her mother's disabilities. This violated Govt. Code section 12940, including subsections (m) and (n).

45.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special, and statutory damages in an amount to be proven. Plaintiff has been required to hire Khatib & Rojas P.C. and is entitled to recover reasonable attorney fees. Plaintiff is entitled to injunctive relief including reinstatement and back pay and promotion without discrimination or retaliation.

46.     Pursuant to Civil Code section 3294, Defendants' wrongful conduct was malicious, oppressive, fraudulent, despicable, and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by Employer's managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

## SECOND CAUSE OF ACTION

## RETALIATION FOR CFRA PROTECTED LEAVE OF ABSENCE

## Govt. Code Section 12945.2

## By Plaintiff against Employer Defendant

47.    Plaintiff realleges and incorporates by reference each and every allegation in the above numbered paragraphs above as though fully set forth herein.

48.    Pursuant to Government Code Section 12945.2, the California Family Rights Act entitles eligible employees to take up to 12 workweeks in a 12-month period for family care and medical leave to care for a child, parent, or spouse, or to recover from their own serious health condition.  An employee who takes CFRA is guaranteed that taking such leave will not result in a loss of job security or other adverse employment actions.  Upon an employee's timely return from CFRA leave, an employer generally must restore the employee to the same or a comparable position.

49.    Prior to 2021, employers of 50 or more employees were covered by CFRA. Effective January 1, 2021, CFRA has expanded its coverage to include employers with 5 or more employees.

50.    An employee is eligible for CFRA if she has worked for the employer for 12 months, for at least 1,250 hours in the prior 12 months.

51.    Employers are prohibited from interfering with or denying an eligible employee's CFRA rights.  Employers are also prohibited from taking adverse employment action against an employee that harms that employee, for exercising her right to protected CFRA leave. *See* Rogers v. County of Los Angeles (2011) 198 Cal.App.4th 480, 491 [providing the elements to establish a prima facie case of retaliation in violation the CFRA].

52.    At all relevant times, Defendant was a covered employer and Plaintiff an eligible employee under the CFRA.

53.    Plaintiff was eligible for and did exercise her right to take a qualified CFRA leave to attend to her parents' serious health conditions.

54.     Defendant took an adverse employment action against Plaintiff for exercising her right to CFRA leave.

55.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special, and statutory damages in an amount to be proven.  Plaintiff has been required to hire Khatib & Rojas P.C. and is entitled to recover reasonable attorney fees including under Government Code Section 12940.

56.     Pursuant to Civil Code section 3294, Defendants' wrongful conduct was malicious, oppressive, fraudulent, despicable, and not tolerable by civilized society and was known, authorized, ratified and/or perpetrated by Defendant's managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

### THIRD CAUSE OF ACTION

### FAILURE TO ENGAGE IN INTERACTIVE PROCESS TO DETERMINE

### REASONABLE ACCOMMODATION

### Govt. Code Section 12940(n)

### By Plaintiff against Employer Defendant

57.     Plaintiff realleges and incorporates by reference each and every allegation in the above numbered paragraphs above as though fully set forth herein.

58.     Pursuant to Govt. Code section 12940(n), an employer has a duty to engage in a timely, good faith, interactive process with the employee or applicant to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee or applicant with a known physical or mental disability or known medical condition.

59.     Failure to properly engage in the interactive process exposes employers who failed to participate in good faith to significant liability. *See* 2 Cal, Code Reg. section 11096(b); *Gelfo v. Lockhead Martin Corp.* (2006) 140 Cal.App.4th 34, 54-55.

60.     Defendant failed to engage in a timely, good faith, interactive process with Plaintiff to identify, offer and provide, effective reasonable accommodations for Plaintiff's return to work.

61.     Defendant's failure to participate in a timely, good faith, interactive process violated Govt. Code section 12940, including subsection (n).

1    62.    Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special,

2    and statutory damages in an amount to be proven. Plaintiff has been required to hire Khatib & Rojas

3    P.C. and is entitled to recover reasonable attorney fees including under Govt. Code section 12965.

4    63.    Pursuant to Civil Code section 3294, Defendants' wrongful conduct was malicious,

5    oppressive, fraudulent, despicable, and not to be tolerated by civilized society and was known,

6    authorized, ratified and/or perpetrated by Employer's managing agents, entitling Plaintiff to an

7    award of punitive and exemplary damages in an amount to be proven.

8

**FOURTH CAUSE OF ACTION**

9

**FAILURE TO PROVIDE REASONABLE ACCOMMODATION**

10

**Govt. Code Section 12940(m)**

11

**By Plaintiff against Employer Defendant**

12    64.    Plaintiff realleges and incorporates by reference each and every allegation in the

13    above numbered paragraphs above as though fully set forth herein.

14    65.    When FEHA prohibited discrimination based on a disability, it also barred

15    discrimination based on a person's association with another who has a disability. *Castro-Ramirez*,

16    (2016) 2 Cal. App. 5th at 1036.

17    66.    Plaintiff is a member of a class protected from disability discrimination.  Protection

18    is not limited to those that have or perceived to have current or future disabilities, such as a serious

19    medical condition, but affirmatively includes a person associated with someone who has or is

20    perceived to have any of those characteristics. *See* Govt. Code. Section 12926(o).

21    67.    Additionally, Plaintiff suffers from her own physical disabilities, including restrictive

22    carpal tunnel issues that required a previous medical leave.

23    68.    Plaintiff required reasonable accommodations, including but not limited to, medical

24    treatment for her carpal tunnel and schedule flexibility allowing her to care for her elderly mother.

25    69.    Defendant failed to make reasonable accommodations for Plaintiff.  At the end of

26    Plaintiff's leave, Defendant failed to take appropriate steps to return Plaintiff to work. Defendant

27    failed to provide Plaintiff a reasonable accommodation, violating Govt. Code section 12940,

28    including subsection (m).

1     70.    Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special,

2 and statutory damages in an amount to be proven. Plaintiff has been required to hire Khatib & Rojas

3 P.C. and is entitled to recover reasonable attorney fees including under Govt. Code section 12965.

4     71.    Pursuant to Civil Code section 3294, Defendants' wrongful conduct was malicious,

5 oppressive, fraudulent, despicable, and not to be tolerated by civilized society and was known,

6 authorized, ratified and/or perpetrated by Employer's managing agents, entitling Plaintiff to an

7 award of punitive and exemplary damages in an amount to be proven.

8                           **FIFTH CAUSE OF ACTION**

9                                **RETALIATION**

10                          **Govt. Code Section 12940(h)**

11                   **By Plaintiff against Employer Defendant**

12     72.    Plaintiff realleges and incorporates by reference each and every allegation in the

13 above numbered paragraphs above as though fully set forth herein.

14     73.    Defendant took adverse employment actions against Plaintiff substantially motivated

15 by, and in retaliation for, Plaintiff's protected leave; Plaintiff's need for reasonable

16 accommodations; and Plaintiff's opposition to Defendant's violation of FEHA, Govt. Code section

17 12900-12996, including Govt. Code sections 12940 (discrimination), 12945.2 (family/medical leave

18 and retaliation); see Govt. Code 12920, 12926.  Employer's retaliation violated Govt. Code section

19 12940, including subsection (h).

20     74.    Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special,

21 and statutory damages in an amount to be proven. Plaintiff has been required to hire Khatib & Rojas

22 P.C. and is entitled to recover reasonable attorney fees including under Govt. Code section 12965.

23     75.    Pursuant to Civil Code section 3294, Defendants' wrongful conduct was malicious,

24 oppressive, fraudulent, despicable, and not to be tolerated by civilized society and was known,

25 authorized, ratified and/or perpetrated by Employer's managing agents, entitling Plaintiff to an

26 award of punitive and exemplary damages in an amount to be proven.

27

28

**SIXTH CAUSE OF ACTION**

**FAILURE TO PREVENT DISCRIMINATION AND RETALIATION**

**Govt. Code Section 12940(j), (k)**

**By Plaintiff against Employer Defendant**

76.     Plaintiff realleges and incorporates by reference each and every allegation in the above numbered paragraphs above as though fully set forth herein.

77.     Defendant knew or reasonably should have known of the discrimination and retaliation against Plaintiff.  Defendant failed to take all reasonable steps to prevent these from occurring to Plaintiff, including but not limited to failing to provide adequate and appropriate training to employees relating to the prevention of discrimination and harassment, failing to take complaints seriously, failing to timely and thoroughly investigate and document evidence of discrimination and retaliation, failing to reach a valid conclusion for the investigation, failing to take timely and appropriate corrective and preventive action to stop the discrimination and retaliation. Employer's retaliation violated Govt. Code section 12940, including subsection (h).

78.     Defendant's wrongful conduct proximately caused Plaintiff to suffer general, special, and statutory damages in an amount to be proven. Plaintiff has been required to hire Khatib & Rojas P.C. and is entitled to recover reasonable attorney fees including under Govt. Code section 12965.

79.     Pursuant to Civil Code section 3294, Defendants' wrongful conduct was malicious, oppressive, fraudulent, despicable, and not to be tolerated by civilized society and was known, authorized, ratified and/or perpetrated by Employer's managing agents, entitling Plaintiff to an award of punitive and exemplary damages in an amount to be proven.

**SEVENTH CAUSE OF ACTION**

**WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**

**Common Law Tort**

**By Plaintiff against Employer Defendant**

80.     Plaintiff realleges and incorporates by reference each and every allegation in the above numbered paragraphs above as though fully set forth herein.

1    81.    Plaintiff discharged Plaintiff in violation of important and well-established public

2    policies, set forth in various statutes, regulations, and Constitutional provisions, including but not

3    limited to FEHA, Govt. Code section 12900 et seq., including 12940, 12945.2 see 12920, 12926,

4    (employment discrimination and retaliation) Cal. Const. Art. I, section 8 (employment

5    discrimination); 42 USC 1981a, 1983, 1988, 2000e et seq. (Title VII); ADA, FMLA, and/or the

6    U.S. Constitution.

7    82.    Defendant's wrongful conduct proximately caused Plaintiff to suffer general and

8    special damages in an amount to be proven.

9    83.    Employer's wrongful conduct was malicious, oppressive, fraudulent, despicable, not

10   to be tolerated by civilized society, and was known, authorized, ratified and/or perpetrated by

11   Employer's managing agents, entitling Plaintiff to an award of punitive and exemplary damages,

12   including under Civil Code section 3294, in an amount to be proven.

13   **PRAYER FOR RELIEF**

14   WHEREFORE Plaintiff prays for relief on Plaintiff's causes of action as more specifically

15   set forth in the individual causes of action:

16   1.    For special compensatory damages, including past and future lost wages and medical

17   expenses, in an amount to be proven;

18   2.    For general compensatory damages, including past and future emotional distress, in

19   an amount to be proven;

20   3.    For civil penalties to the extent allowed by law;

21   4.    For pre-judgment interest to the extent allowed by law;

22   5.    For punitive and exemplary damages, including under Civil Code section 3294, in an

23   amount to be proven;

24   6.    For costs of suit, including under CCP 1035.5, in amount to be proven;

25   7.    For reasonable attorneys' fees, including litigation assistant fees, including under

26   Govt. Code section 12965, in an amount to be proven;

27

28

1    8.    For such other and further relief as the court deems just and proper.

2

3    DATED: November 5, 2021                    KHATIB & ROJAS P.C.

4

5

6                                              _____
                                               Mazen Khatib
7                                              Jorge Rojas
                                               Attorneys for Plaintiff Connie Anglin
8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# EXHIBIT 1



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2021

Jorge Rojas
790 E. Colorado Blvd., 9th Fl.
Pasadena, California 91101

RE:  **Notice to Complainant's Attorney**
DFEH Matter Number: 202110-15152421
Right to Sue: Anglin / Wal-Mart Associates, Inc.

Dear Jorge Rojas:

Attached is a copy of your complaint of discrimination filed with the Department of Fair Employment and Housing (DFEH) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, DFEH will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the DFEH does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                    KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2021

RE:   **Notice of Filing of Discrimination Complaint**
      DFEH Matter Number: 202110-15152421
      Right to Sue: Anglin / Wal-Mart Associates, Inc.

To All Respondent(s):

Enclosed is a copy of a complaint of discrimination that has been filed with the
Department of Fair Employment and Housing (DFEH) in accordance with Government
Code section 12960. This constitutes service of the complaint pursuant to Government
Code section 12962. The complainant has requested an authorization to file a lawsuit. A
copy of the Notice of Case Closure and Right to Sue is enclosed for your records.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot
program. Under this program, established under Government Code section 12945.21,
a small employer with 5 -19 employees, charged with violation of the California Family
Rights Act, Government Code section 12945.2, has the right to participate in DFEH's
free voluntary mediation service. Under this program both the employee requesting an
immediate right to sue and the employer charged with the violation may request that all
parties participate in DFEH's free voluntary mediation service. A request for mediation
must be made within 30 days of receipt of the Notice of Case Closure and Right to Sue.
If mediation is requested, the employee is prohibited from filing a civil action until
mediation is complete. The employee's statute of limitations to file a civil action,
including for all related claims not arising under section 12945.2, is tolled from DFEH's
receipt of a mediation request under section 12945.21 until mediation is complete.  To
request DFEH Small Employer Family Leave Mediation, email
DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on
the Right to Sue notice.

Please refer to the attached complaint for a list of all respondent(s) and their contact
information.

No response to DFEH is requested or required.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                               GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                                 KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 | Elk Grove | CA | 95758
(800) 884-1684 (Voice) | (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov | Email: contact.center@dfeh.ca.gov

October 21, 2021

Connie Anglin
825 College Blvd. Ste. 102 MB437
Oceanside, California 92057

RE:   **Notice of Case Closure and Right to Sue**
      DFEH Matter Number: 202110-15152421
      Right to Sue: Anglin / Wal-Mart Associates, Inc.

Dear Connie Anglin:

This letter informs you that the above-referenced complaint filed with the Department of Fair Employment and Housing (DFEH) has been closed effective October 21, 2021 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for DFEH's Small Employer Family Leave Mediation pilot program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Government Code section 12945.2, has the right to participate in DFEH's free voluntary mediation service. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in DFEH's free voluntary mediation service. A request for mediation must be submitted to the DFEH within 30 days of receipt of the Notice of Case Closure and Right to Sue. If mediation is requested, the employee is prohibited from filing a civil action until mediation is complete. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from DFEH's receipt of a mediation request under section 12945.21 until mediation is complete.  To request DFEH Small Employer Family Leave Mediation, email DRDOnlinerequests@dfeh.ca.gov and include the DFEH matter number indicated on the Right to Sue notice.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this DFEH Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

DFEH-ENF 80 RS

&gt;



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Department of Fair Employment and Housing

DFEH-ENF 80 RS



STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                   GAVIN NEWSOM, GOVERNOR

**DEPARTMENT OF FAIR EMPLOYMENT & HOUSING**                           KEVIN KISH, DIRECTOR
2218 Kausen Drive, Suite 100 I Elk Grove I CA I 95758
(800) 884-1684 (Voice) I (800) 700-2320 (TTY) | California's Relay Service at 711
http://www.dfeh.ca.gov I Email: contact.center@dfeh.ca.gov

October 21, 2021

Jorge Rojas
790 E. Colorado Blvd., 9th Fl.
Pasadena, California 91101

RE:   **Notice to Complainant's Attorney**
      DFEH Matter Number: 202110-15152421
      Right to Sue: Anglin / Wal-Mart Associates, Inc.

Dear Jorge Rojas:

Attached is a copy of your **amended** complaint of discrimination filed with the
Department of Fair Employment and Housing (DFEH) pursuant to the California Fair
Employment and Housing Act, Government Code section 12900 et seq.

Pursuant to Government Code section 12962, DFEH will not serve these documents on
the employer.  You or your client must serve the complaint.

The amended complaint is deemed to have the same filing date of the original
complaint.  This is not a new Right to Sue letter.  The original Notice of Case Closure
and Right to Sue issued in this case remains the only such notice provided by the
DFEH.  (Cal. Code Regs., tit. 2, § 10022.)

Be advised that the DFEH does not review or edit the complaint form to ensure that it
meets procedural or statutory requirements.

Sincerely,


Department of Fair Employment and Housing

DFEH-ENF 80 RS

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
DEPARTMENT OF FAIR EMPLOYMENT AND HOUSING
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Connie Anglin                                                 DFEH No. 202110-15152421

                                             Complainant,

vs.

Wal-Mart Associates, Inc.
702 SW 8th Street
Bentonville, Arkansas 72716

                                             Respondents

_____

**1.** Respondent **Wal-Mart Associates, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2.** Complainant **Connie Anglin**, resides in the City of **Oceanside,** State of **California.**

**3.** Complainant alleges that on or about **November 27, 2020**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical or mental), association with a member of a protected class and as a result of the discrimination was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation, requested or used family care or medical leave (cfra) and as a result was terminated, denied any employment benefit or privilege, denied reasonable accommodation for a disability, denied work opportunities or assignments.

**Additional Complaint Details:** This is not meant to be an exhaustive list and we reserve the right to amend allegations as additional facts are acquired.

-1-
*Complaint – DFEH No. 202110-15152421*

Date Filed: October 21, 2021
Date Amended: October 21, 2021

DFEH-ENF 80 RS

On December 20, 2003, Ms. Anglin began her employment with Walmart as a Sales Associate in its Oceanside location (store #2245). Throughout her 17-year employment, Ms. Anglin performed her job functions diligently and competently. Her work was often lauded by managers even as she contended with restrictive carpal tunnel issues that developed in 2014.

On or around March 19, 2019, Ms. Anglin received word that her father was gravely ill. Ms. Anglin immediately requested and was granted a leave of absence to tend to her dying father in Illinois. Unfortunately, Ms. Anglin's father passed away about a month later. While attending to her father, Ms. Anglin became aware of her mother's own failing health and need for care.

On April 21, 2019, she reached out to Walmart and informed them of her father's death and mother's failing health. She requested and was granted leave through the end of the calendar year, which she was eligible for under California law. On or about October 7, 2019, Ms. Anglin called Sedgwick, an agent that handled leave requests for Walmart, and requested additional time to care for her mother. Her request was approved by Store Manager - Ryan Brandenburg ("Brandenburg") and People Manager Sara Orendain ("Orendain"). Ms. Anglin was granted leave until February 25, 2020. Throughout her leave, Anglin stayed communitive with her employer and Sedgwick.

As the end of her leave was approaching, Ms. Anglin began reaching out to Ms. Orendain about her return to work. Ms. Anglin became concerned that she was not able to log into Walmart employee portal, WalmartOne. In late February of 2020, Anglin spoke to Orendain about her log-in issues and the potential of a transfer to another Walmart location, such as the Temecula store. In the course of their conversation, Orendain informed Ms. Anglin that she was going to be out on vacation and that another member of management should be able to help her out with her concerns.

From the end of February through mid-March of 2020, Anglin called various offices seeking clarity about her return to work and inability to log into WalmartOne, her main portal for information on her employment and schedule. Ms. Anglin estimates that she called every other day, to no avail.

When Ms. Anglin was able to reach Walmart management, her calls were met with irritation, curt answers, and vague responses.

On or about March 23, 2020, frustrated and concerned about her employment, Ms. Anglin went into the Oceanside store to seek answers from Ms. Orendain. Ms. Orendain was once again unavailable.

During April of 2020, Ms. Anglin made weekly calls continuing to seek answers about her employment status. Walmart failed to respond to Ms. Anglin's calls.

In May 2020, Ms. Anglin continued calling Walmart, in furtherance of her efforts to return to work. On May 29, 2020, Anglin emailed Ms. Orendain explaining that she had still had not

-2-

Date Filed: October 21, 2021
Date Amended: October 21, 2021

DFEH-ENF 80 RS

1 | heard from anyone at Walmart about her return to the schedule and work. She did not
2 | receive a responsive email.

3 | On October 5, 2020, Anglin sent a letter to Brandenburg and Orendain detailing her efforts
   | to return to work for the previous 8 months. Walmart failed to respond this letter and failed to
4 | take any steps to bring Ms. Anglin back to work. Instead, Walmart terminated Ms. Anglin on
   | November 27th, falsely blaming Ms. Anglin for its failure to bring Ms. Anglin back to work.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-3-

*Complaint – DFEH No. 202110-15152421*

Date Filed: October 21, 2021
Date Amended: October 21, 2021

DFEH-ENF 80 RS

1  VERIFICATION

2  I, **Jorge Rojas**, am the **Attorney** in the above-entitled complaint.  I have read the
3  foregoing complaint and know the contents thereof.  The matters alleged are based
   on information and belief, which I believe to be true.

4
   On October 21, 2021, I declare under penalty of perjury under the laws of the State of
5  California that the foregoing is true and correct.

6                                                             **Los Angeles California**

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26                                        -4-
                          *Complaint – DFEH No. 202110-15152421*
27
   Date Filed: October 21, 2021
28  Date Amended: October 21, 2021

                                                          DFEH-ENF 80 RS

**CM-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Mazen Khatib (306263), Jorge Rojas (324979) - Khatib & Rojas P.C. 790 E. Colorado Blvd., 9th Floor, Pasadena CA 91101 | |

TELEPHONE NO.: 877-791-0432   FAX NO. *(Optional):*
E-MAIL ADDRESS: jorge.rojas@calemploymentattorneys.com
ATTORNEY FOR *(Name):* Plaintiff Connie Anglin

**ELECTRONICALLY FILED**
Superior Court of California,
County of San Diego

**11/08/2021** at 12:47:02 PM

Clerk of the Superior Court
By Veronica Navarro, Deputy Clerk

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Diego
STREET ADDRESS: 325 S. Melrose Drive
MAILING ADDRESS: 325 S. Melrose Drive
CITY AND ZIP CODE: Vista 92081
BRANCH NAME: North County Division

CASE NAME:
Connie Anglin v. Wal-Mart Associates, Inc.; and Does 1 to 10, inclusive

| CIVIL CASE COVER SHEET | Complex Case Designation | 37-2021-00047412-CU-WT-NC |
|---|---|---|
| [x] Unlimited    [ ] Limited (Amount demanded exceeds $25,000)  (Amount demanded is $25,000 or less) | [ ] Counter    [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:   Judge Cynthia A. Freeland DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is   [x] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [x] punitive
4. Number of causes of action *(specify):* Seven (7)
5. This case [ ] is   [x] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 5, 2021

Jorge Rojas, Esq.
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. September 1, 2021] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courts.ca.gov |

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)—Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice— Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/ Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case—Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ—Administrative Mandamus
Writ—Mandamus on Limited Court Case Matter
Writ—Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal—Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment *(non-domestic relations)*
Sister State Judgment
Administrative Agency Award *(not unpaid taxes)*
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-harassment)*
Mechanics Lien
Other Commercial Complaint Case *(non-tort/non-complex)*
Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear This Form button after you have printed the form.

[ Print this form ]   [ Save this form ]   [ Clear this form ]

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO** | |
| STREET ADDRESS: 325 S Melrose DRIVE | |
| MAILING ADDRESS: 325 S Melrose DRIVE | |
| CITY AND ZIP CODE: Vista, CA 92081-6695 | |
| DIVISION: North County | |
| TELEPHONE NUMBER: (760) 201-8027 | |

| |
|---|
| PLAINTIFF(S) / PETITIONER(S):   Connie Anglin |
| DEFENDANT(S) / RESPONDENT(S):  WAL-MART ASSOCIATES, INC. |
| ANGLIN VS WAL-MART ASSOCIATES INC [IMAGED] |

| NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL) | CASE NUMBER:<br>37-2021-00047412-CU-WT-NC |
|---|---|

**CASE ASSIGNED FOR ALL PURPOSES TO:**

Judge:  Cynthia A. Freeland                               Department: N-27

**COMPLAINT/PETITION FILED:** 11/08/2021

| TYPE OF HEARING SCHEDULED | DATE | TIME | DEPT | JUDGE |
|---|---|---|---|---|
| Civil Case Management Conference | 09/09/2022 | 09:00 am | N-27 | Cynthia A. Freeland |

**Due to the COVID-19 pandemic, all Case Management Conferences (CMCs) are being conducted virtually unless there is a court order stating otherwise.** Prior to the hearing date, visit the "virtual hearings" page for the most current instructions on how to appear for the applicable case-type/department on the court's website at www.sdcourt.ca.gov.

A Case Management Statement (JC Form #CM-110) must be completed by counsel for all parties and by all self-represented litigants and timely filed with the court at least 15 days prior to the initial CMC. (San Diego Superior Court (SDSC) Local Rules, rule 2.1.9; Cal. Rules of Court, rule 3.725).

All counsel of record and self-represented litigants must appear at the CMC, be familiar with the case, and be fully prepared to participate effectively in the hearing, including discussions of Alternative Dispute Resolution (ADR) options.

It is the duty of each plaintiff (and cross-complainant) to serve a copy of this Notice of Case Assignment and Case Management Conference (SDSC Form #CIV-721) with the complaint (and cross-complaint), the Alternative Dispute Resolution (ADR) Information Form (SDSC Form # CIV-730), a Stipulation to Use Alternative Dispute Resolution (ADR) (SDSC Form # CIV-359), and other documents on all parties to the action as set out in SDSC Local Rules, rule 2.1.5.

**TIME FOR SERVICE AND RESPONSE:** The following rules apply to civil cases except for collections cases under California Rules of Court, rule 3.740(a), unlawful detainer actions, proceedings under the Family Code, and other proceedings for which different service requirements are prescribed by law (Cal. Rules of Court, rule 3.110; SDSC Local Rules, rule 2.1.5):
- **Service:** The complaint must be served on all named defendants, and proof of service filed with the court within 60 days after filing the complaint. An amended complaint adding a defendant must be served on the added defendant and proof of service filed within 30 days after filing of the amended complaint. A cross-complaint against a party who has appeared in the action must be accompanied by proof of service on that party at the time it is filed. If it adds a new party, the cross-complaint must be served on all parties and proof of service on the new party must be filed within 30 days of the filing of the cross-complaint.
- **Defendant's appearance:** Unless a special appearance is made, each defendant served must generally appear (as defined in Code of Civ. Proc. § 1014) within 30 days of service of the complaint/cross-complaint.
- **Extensions:** The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint (SDSC Local Rules, rule 2.1.6). If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an order to show cause why sanctions shall not be imposed.

**JURY FEES:** In order to preserve the right to a jury trial, one party for each side demanding a jury trial shall pay an advance jury fee in the amount of one hundred fifty dollars ($150) on or before the date scheduled for the initial case management conference in the action.

**COURT REPORTERS:** Official Court Reporters are not normally available in civil matters, but may be requested in certain situations no later than 10 days before the hearing date. See SDSC Local Rules, rule 1.2.3 and Policy Regarding Normal Availability and Unavailability of Official Court Reporters (SDSC Form #ADM-317) for further information.

**ALTERNATIVE DISPUTE RESOLUTION (ADR):** The court discourages any unnecessary delay in civil actions; therefore, continuances are discouraged and timely resolution of all actions, including submitting to any form of ADR is encouraged. The court encourages and expects the parties to consider using ADR options prior to the CMC. The use of ADR will be discussed at the CMC. Prior to the CMC, parties stipulating to the ADR process may file the Stipulation to Use Alternative Dispute Resolution (SDSC Form #CIV-359).

SDSC CIV-721 (Rev. 04-21)    **NOTICE OF CASE ASSIGNMENT AND CASE MANAGEMENT CONFERENCE (CIVIL)**    Page: 1

## NOTICE OF E-FILING REQUIREMENTS
## AND IMAGED DOCUMENTS

Effective April 15, 2021, e-filing is required for attorneys in represented cases in all limited and unlimited civil cases, pursuant to the San Diego Superior Court General Order: In Re Procedures Regarding Electronically Imaged Court Records, Electronic Filing and Access to Electronic Court Records in Civil and Probate Cases.  Additionally, you are encouraged to review CIV-409 for a listing of documents that are not eligible for e-filing.  E-filing is also encouraged, but not mandated, for self-represented litigants, unless otherwise ordered by the court.  All e-filers are required to comply with the e-filing requirements set forth in Electronic Filing Requirements (Civil) (SDSC Form #CIV-409) and Cal. Rules of Court, rules 2.250-2.261.

All Civil cases are assigned to departments that are part of the court's "Imaging Program."  This means that original documents filed with the court will be imaged, held for 30 days, and then destroyed, with the exception of those original documents the court is statutorily required to maintain.  The electronic copy of the filed document(s) will be the official court record, pursuant to Government Code § 68150.  Thus, original documents should not be attached to pleadings filed with the San Diego Superior Court, unless it is a document for which the law requires an original be filed.  Any original documents necessary for a motion hearing or trial shall be lodged in advance of the hearing pursuant to California Rules of Court, rule 3.1302(b).

It is the duty of each plaintiff, cross-complainant, or petitioner to serve a copy of this Notice of Case Assignment and Case Management Conference (Civil) (SDSC Form #CIV-721) with the complaint, cross-complaint, or petition on all parties to the action.

On all pleadings filed after the initial case originating filing, all parties must, to the extent it is feasible to do so, place the words "IMAGED FILE" in all caps immediately under the title of the pleading on all subsequent pleadings filed in the action.

The official court file will be electronic and accessible at one of the kiosks located in the Civil Business Office and may be found on the court's website at www.sdcourt.ca.gov.

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S Melrose Drive<br>MAILING ADDRESS: 325 S Melrose Drive<br>CITY AND ZIP CODE: Vista CA 92081-6695<br>BRANCH NAME: North County | |

Short Title: ANGLIN vs WAL-MART ASSOCIATES INC [IMAGED]

| NOTICE OF CONFIRMATION OF ELECTRONIC FILING | CASE NUMBER:<br>37-2021-00047412-CU-WT-NC |
|---|---|

San Diego Superior Court has reviewed the electronic filing described below. The fee assessed for processing and the filing status of each submitted document are also shown below.

**Electronic Filing Summary Data**

| | |
|---|---|
| Electronically Submitted By: | Mazen Khatib |
| On Behalf of: | Connie Anglin |
| Transaction Number: | 21165123 |
| Court Received Date: | 11/08/2021 |
| Filed Date: | 11/08/2021 |
| Filed Time: | 12:47 PM |
| Fee Amount Assessed: | $435.00 |
| Case Number: | 37-2021-00047412-CU-WT-NC |
| Case Title: | ANGLIN vs WAL-MART ASSOCIATES INC [IMAGED] |
| Location: | North County |
| Case Type: | Wrongful Termination |
| Case Category: | Civil - Unlimited |
| Jurisdictional Amount: | > 25000 |

| Status | Documents Electronically Filed/Received |
|---|---|
| Accepted | Complaint |
| Accepted | Civil Case Cover Sheet |
| Accepted | Original Summons |

**Comments**

**Clerk's Comments:**
**Events Scheduled**

| Hearing(s) | Date | Time | Location | Department |
|---|---|---|---|---|
| Civil Case Management Conference | 09/09/2022 | 09:00 AM | North County | N-27 |

**Electronic Filing Service Provider Information**

| | |
|---|---|
| Service Provider: | LegalConnect |
| Email: | support@legalconnect.com |

11/09/2021                    **NOTICE OF CONFIRMATION OF FILING**

Contact Person:     LEGALCONNECT Support
Phone:              (800) 909-6859



## SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

CASE NUMBER: 37-2021-00047412-CU-WT-NC          CASE TITLE: ANGLIN vs WAL-MART ASSOCIATES INC [IMAGED]

**NOTICE:** All plaintiffs/cross-complainants in a general civil case are required to serve a copy of the following three forms on each defendant/cross-defendant, together with the complaint/cross-complaint:

(1) this Alternative Dispute Resolution (ADR) Information form (SDSC form #CIV-730),
(2) the Stipulation to Use Alternative Dispute Resolution (ADR) form (SDSC form #CIV-359), *and*
(3) the Notice of Case Assignment form (SDSC form #CIV-721).

Most civil disputes are resolved without filing a lawsuit, and most civil lawsuits are resolved without a trial. The courts, community organizations, and private providers offer a variety of Alternative Dispute Resolution (ADR) processes to help people resolve disputes without a trial. The San Diego Superior Court expects that litigants will utilize some form of ADR as a mechanism for case settlement before trial, and it may be beneficial to do this early in the case.

Below is some information about the potential advantages and disadvantages of ADR, the most common types of ADR, and how to find a local ADR program or neutral. A form for agreeing to use ADR is attached (SDSC form #CIV-359).

**Potential Advantages and Disadvantages of ADR**
ADR may have a variety of advantages or disadvantages over a trial, depending on the type of ADR process used and the particular case:

| Potential Advantages | Potential Disadvantages |
|---|---|
| • Saves time | • May take more time and money if ADR does not resolve the dispute |
| • Saves money | |
| • Gives parties more control over the dispute resolution process and outcome | • Procedures to learn about the other side's case (discovery), jury trial, appeal, and other court protections may be limited or unavailable |
| • Preserves or improves relationships | |

**Most Common Types of ADR**
You can read more information about these ADR processes and watch videos that demonstrate them on the court's ADR webpage at http://www.sdcourt.ca.gov/adr.

**Mediation:** A neutral person called a "mediator" helps the parties communicate in an effective and constructive manner so they can try to settle their dispute. The mediator does not decide the outcome, but helps the parties to do so. Mediation is usually confidential, and may be particularly useful when parties want or need to have an ongoing relationship, such as in disputes between family members, neighbors, co-workers, or business partners, or when parties want to discuss non-legal concerns or creative resolutions that could not be ordered at a trial.

**Settlement Conference:** A judge or another neutral person called a "settlement officer" helps the parties to understand the strengths and weaknesses of their case and to discuss settlement. The judge or settlement officer does not make a decision in the case but helps the parties to negotiate a settlement. Settlement conferences may be particularly helpful when the parties have very different ideas about the likely outcome of a trial and would like an experienced neutral to help guide them toward a resolution.

**Arbitration:** A neutral person called an "arbitrator" considers arguments and evidence presented by each side and then decides the outcome of the dispute. Arbitration is less formal than a trial, and the rules of evidence are usually relaxed. If the parties agree to binding arbitration, they waive their right to a trial and agree to accept the arbitrator's decision as final. With nonbinding arbitration, any party may reject the arbitrator's decision and request a trial. Arbitration may be appropriate when the parties want another person to decide the outcome of their dispute but would like to avoid the formality, time, and expense of a trial.

**Other ADR Processes**: There are several other types of ADR which are not offered through the court but which may be obtained privately, including neutral evaluation, conciliation, fact finding, mini-trials, and summary jury trials. Sometimes parties will try a combination of ADR processes. The important thing is to try to find the type or types of ADR that are most likely to resolve your dispute. Be sure to learn about the rules of any ADR program and the qualifications of any neutral you are considering, and about their fees.

## Local ADR Programs for Civil Cases

**Mediation:** The San Diego Superior Court maintains a Civil Mediation Panel of approved mediators who have met certain minimum qualifications and have agreed to charge $150 per hour for each of the first two (2) hours of mediation and their regular hourly rate thereafter in court-referred mediations.

On-line mediator search and selection: Go to the court's ADR webpage at www.sdcourt.ca.gov/adr and click on the "Mediator Search" to review individual mediator profiles containing detailed information about each mediator including their dispute resolution training, relevant experience, ADR specialty, education and employment history, mediation style, and fees and to submit an on-line Mediator Selection Form (SDSC form #CIV-005). The Civil Mediation Panel List, the Available Mediator List, individual Mediator Profiles, and Mediator Selection Form (CIV-005) can also be printed from the court's ADR webpage and are available at the Mediation Program Office or Civil Business Office at each court location.

**Settlement Conference:** The judge may order your case to a mandatory settlement conference, or voluntary settlement conferences may be requested from the court if the parties certify that: (1) settlement negotiations between the parties have been pursued, demands and offers have been tendered in good faith, and resolution has failed; (2) a judicially supervised settlement conference presents a substantial opportunity for settlement; and (3) the case has developed to a point where all parties are legally and factually prepared to present the issues for settlement consideration and further discovery for settlement purposes is not required. Refer to SDSC Local Rule 2.2.1 for more information. To schedule a settlement conference, contact the department to which your case is assigned.

**Arbitration:** The San Diego Superior Court maintains a panel of approved judicial arbitrators who have practiced law for a minimum of five years and who have a certain amount of trial and/or arbitration experience. Refer to SDSC Local Rules Division II, Chapter III and Code Civ. Proc. § 1141.10 et seq or contact the Arbitration Program Office at (619) 450-7300 for more information.

More information about court-connected ADR: Visit the court's ADR webpage at www.sdcourt.ca.gov/adr or contact the court's Mediation/Arbitration Office at (619) 450-7300.

**Dispute Resolution Programs Act (DRPA) funded ADR Programs:** The following community dispute resolution programs are funded under DRPA (Bus. and Prof. Code §§ 465 et seq.):
- In Central, East, and South San Diego County, contact the National Conflict Resolution Center (NCRC) at www.ncrconline.com or (619) 238-2400.
- In North San Diego County, contact North County Lifeline, Inc. at www.nclifeline.org or (760) 726-4900.

**Private ADR:** To find a private ADR program or neutral, search the Internet, your local telephone or business directory, or legal newspaper for dispute resolution, mediation, settlement, or arbitration services.

## Legal Representation and Advice

To participate effectively in ADR, it is generally important to understand your legal rights and responsibilities and the likely outcomes if you went to trial. ADR neutrals are not allowed to represent or to give legal advice to the participants in the ADR process. If you do not already have an attorney, the California State Bar or your local County Bar Association can assist you in finding an attorney. Information about obtaining free and low cost legal assistance is also available on the California courts website at *www.courtinfo.ca.gov/selfhelp/lowcost.*

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN DIEGO | FOR COURT USE ONLY |
|---|---|
| STREET ADDRESS: 325 S. Melrose | |
| MAILING ADDRESS: 325 S. Melrose | |
| CITY, STATE, & ZIP CODE: Vista, CA 92081-6695 | |
| BRANCH NAME: North County | |

| PLAINTIFF(S): Connie Anglin |
|---|
| DEFENDANT(S): WAL-MART ASSOCIATES, INC. |
| SHORT TITLE: ANGLIN VS WAL-MART ASSOCIATES INC [IMAGED] |

| STIPULATION TO USE ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: 37-2021-00047412-CU-WT-NC |
|---|---|

Judge: Cynthia A. Freeland                    Department: N-27

The parties and their attorneys stipulate that the matter is at issue and the claims in this action shall be submitted to the following alternative dispute resolution (ADR) process.  Selection of any of these options will not delay any case management timelines.

☐ Mediation (court-connected)                    ☐ Non-binding private arbitration

☐ Mediation (private)                                   ☐ Binding private arbitration

☐ Voluntary settlement conference (private)      ☐ Non-binding judicial arbitration (discovery until 15 days before trial)

☐ Neutral evaluation (private)                        ☐ Non-binding judicial arbitration (discovery until 30 days before trial)

☐ Other (specify e.g., private mini-trial, private judge, etc.): _____

_____

It is also stipulated that the following shall serve as arbitrator, mediator or other neutral: (Name) _____

_____

_____

Alternate neutral (for court Civil Mediation Program and arbitration only): _____

Date: _____        Date: _____

Name of Plaintiff                                          Name of Defendant

Signature                                                    Signature

Name of Plaintiff's Attorney                            Name of Defendant's Attorney

Signature                                                    Signature

If there are more parties and/or attorneys, please attach additional completed and fully executed sheets.

It is the duty of the parties to notify the court of any settlement pursuant to Cal. Rules of Court, rule 3.1385.  Upon notification of the settlement, the court will place this matter on a 45-day dismissal calendar.

No new parties may be added without leave of court.

**IT IS SO ORDERED.**

Dated: 11/09/2021                                          _____
                                                              JUDGE OF THE SUPERIOR COURT

SDSC CIV-359 (Rev 12-10)        **STIPULATION TO USE OF ALTERNATIVE DISPUTE RESOLUTION**        Page: 1

# EXHIBIT 2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JASON A. GELLER (CA SBN 168149)
  jgeller@fisherphillips.com
JUAN C. ARANEDA (CA SBN 213041)
  jaraneda@fisherphillips.com
FISHER & PHILLIPS LLP
One Embarcadero Center, Suite 2050
San Francisco, California 94111-3712
Telephone: (415) 490-9000
Facsimile: (415) 490-9001

Attorneys for Defendant
WALMART INC. (erroneously sued as WAL-MART ASSOCIATES, INC.)

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN DIEGO

| | |
|---|---|
| CONNIE ANGLIN,<br><br>                    Plaintiff,<br><br>          vs.<br><br>WAL-MART ASSOCIATES, INC., and DOES 1 to 10,<br><br>                    Defendants. | CASE NO: 37-2021-00047412-CU-WT-NC<br><br>*Assigned for all purposes to the*<br>*Honorable Judge Cynthia A. Freeland, Dept. N-27*<br><br>**DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; JURY DEMAND**<br><br>Complaint Filed:  November 8, 2021<br>Trial Date:  None |

1

Defendant WALMART INC. (erroneously sued as WAL-MART ASSOCIATES, INC.) ("Defendant") hereby answers the unverified Complaint filed by Plaintiff CONNIE ANGLIN ("Plaintiff") as follows:

## GENERAL AND SPECIFIC DENIALS

Pursuant to the provisions of California Code of Civil Procedure section 431.30(d), Defendant denies, generally and specifically, conjunctively and disjunctively, each and every allegation contained in the Complaint, denies that the Complaint states facts sufficient to constitute a cause of action, and further denies that Plaintiff has been damaged in the amount or amounts alleged therein, or in any other amount, or at all, by reason of any act or omission on the part of Defendant, or by any act or omission by any agent or employee of Defendant.  Defendant further denies, generally and specifically, that Plaintiff is entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Defendant asserts the following affirmative defenses to the Complaint.  In asserting these defenses, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove.

### FIRST AFFIRMATIVE DEFENSE
#### (Failure to State a Cause of Action)

The Complaint, and each and every cause of action alleged therein fails to state facts sufficient to constitute a cause of action for which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE
#### (Statute of Limitations)

The Complaint, and each and every cause of action alleged therein, is barred by the applicable statute of limitations, including, but not limited to, Government Code sections 12960 and 12965; Code of Civil Procedure sections 335.1, 337, 338, 339, 340 and 343.

### THIRD AFFIRMATIVE DEFENSE
#### (After-Acquired Evidence)

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced, by after-acquired evidence.

DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
FP 42582045.1

**FOURTH AFFIRMATIVE DEFENSE**

**(Appropriate Remedial Action Taken by Employer)**

The Complaint, and each and every cause of action alleged therein, is barred, in whole or in part, because Defendant took all reasonable steps to prevent any alleged discrimination, and/or retaliation once Defendant was made aware of Plaintiff's Complaints.

**FIFTH AFFIRMATIVE DEFENSE**

**(At-Will Employment)**

To the extent that the contract of employment alleged in the Complaint exists, it had no specified term and could, therefore, be terminated at will by either employer or employee, pursuant to California Labor Code section 2922.

**SIXTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences)**

The Complaint, and each and every cause of action alleged there in, is barred by the avoidable consequences doctrine.

**SEVENTH AFFIRMATIVE DEFENSE**

**(Plaintiff is Not a Qualified Individual with a Disability)**

The Complaint and each purported cause of action therein are barred, in whole or in part, to the extent that Plaintiff is not a qualified individual with a disability within the meaning of the California Fair Employment and Housing Act. Cal. Gov't Code section 12940, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

**(Business Necessity)**

Any and all wrongful conduct alleged by Plaintiff was necessitated due to business necessity.

**NINTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Administrative Remedies)**

The Complaint, and each and every cause of action alleged therein, is barred, or any damages reduced by Plaintiff's failure to exhaust administrative remedies.

/ / /

/ / /

3

DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT

FP 42582045.1

**TENTH AFFIRMATIVE DEFENSE**

**(Failure to Mitigate Damages)**

Plaintiff failed to take reasonable steps and make reasonable expenditures to reduce Plaintiff's claims, damages, losses, if any, and that said failure to mitigate Plaintiff's damages bars or reduces any claims, losses, or damages.

**ELEVENTH AFFIRMATIVE DEFENSE**

**(Off-Set)**

Defendant is entitled to an offset against any recovery by Plaintiff of the amount of monies owed to Defendant by Plaintiff, including but not limited to, any workers' compensation benefits, other benefits, interim earnings, or other mitigation.

**TWELFTH AFFIRMATIVE DEFENSE**

**(No Authorization or Ratification)**

Any unlawful or wrongful acts, to the extent they exist, taken by Defendant's agents or employees were outside the course and scope of their authority and such acts, if any, were not authorized, ratified, or condoned by Defendant nor did Defendant know nor should have known of such acts.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(No Discriminatory Intent-Legitimate Nondiscriminatory/Nonretaliatory Reason)**

The Complaint, and each and every cause of action alleged therein, is barred as there was no discriminatory intent as Defendant's alleged actions were based on legitimate nondiscriminatory/nonretaliatory reasons.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(No Punitive Damages Against Corporate Defendant)**

Defendant is not liable to Plaintiff for punitive damages because neither Defendant nor any of its officers, directors, or managing agents committed any alleged oppressive, fraudulent, or malicious acts; authorized or ratified any such acts; had advance knowledge of the unfitness, if any, of the employee or employees, if any, who allegedly committed such acts; or employed any such

DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
FP 42582045.1

1  employee or employees with a conscious disregard of the rights or safety of others, as required by

2  California Civil Code section 3294(b).

### FIFTEENTH AFFIRMATIVE DEFENSE

### (No Punitive Damages)

5  Plaintiff's claim for exemplary or punitive damages is barred and invalid on its face and/or

6  as applied to this Defendant pursuant to the First, Fifth, Eighth and Fourteenth Amendments to the

7  Constitution of the United States and Article I of the Constitution of the State of California.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Not a Substantial Motivating Reason)

10  The Complaint, and each and every cause of action alleged therein, is barred as Defendant's

11  alleged actions were not a substantial motivating reason for the alleged adverse employment action.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Failure to Engage in the Interactive Process/ Failure to Cooperate in Reasonable

### Accommodation Process / Failure to Follow Procedures)

15  Plaintiff unreasonably failed to engage in the interactive process, failed to cooperate in the

16  reasonable accommodation process and failed to take affirmative steps of preventive and corrective

17  opportunities provided or to avoid harm otherwise.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Pre-Existing Cause)

20  To the extent that Plaintiff claims to have suffered any symptoms of physical, mental or

21  emotional distress or injury, Defendant alleges on information and belief that such symptoms or

22  injuries were the result of one or more pre-existing physical, psychological or medical disorders or

23  conditions, or alternative concurrent causes, and not the proximate result of any act or omission of

24  Defendant.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Same Decision Limits Remedies)

27  The Complaint, and each and every cause of action alleged therein, is limited as Plaintiff

28  would have been terminated for non-discriminatory reasons based on legitimate business reasons.

5

## TWENTIETH AFFIRMATIVE DEFENSE

### (Unclean Hands)

The Complaint, and each and every cause of action alleged therein, is barred by the doctrine of unclean hands.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Consent)

Defendant is informed and believes, and thereon alleges, that Plaintiff expressly or implicitly consented to the alleged conduct of Defendant and is therefore precluded from recovering any damages.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Ratification)

Defendant is informed and believes, and thereon alleges, that the Complaint, and each and every cause of action therein, is barred because Plaintiff ratified the alleged acts or omissions of Defendant, its employees or agents, by reason of Plaintiff's knowledge, conduct, and/or statements.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff is estopped by reason of Plaintiff's own conduct, acts, and/or omissions from proceeding with any of Plaintiff's causes of action against Defendant and/or from recovering any damages against Defendant.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Laches and/or Waiver)

The Complaint, and each and every cause of action alleged therein, is barred in whole or in part by the doctrines of laches and/or waiver.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Workers' Compensation Preemption)

The Complaint, and each and every cause of action alleged therein, is preempted by California Workers' Compensation Act (Cal. Labor Code §§3200-6208).

///

FP 42582045.1

1

**<u>RESERVATION OF RIGHTS</u>**

2       Defendant may have additional defenses that cannot be articulated due to Plaintiff's failure

3   to particularize Plaintiff's claims, due to the fact that Defendant does not have copies of certain

4   documents bearing on Plaintiff's claims and due to Plaintiff's failure to provide more specific

5   information concerning the nature of the damage claims and claims for certain costs which Plaintiff

6   alleges that Defendant may share some responsibility. Defendant therefore reserves the right to

7   assert additional defenses upon further particularization of Plaintiff's claims, upon examination of

8   the documents provided, upon discovery of further information concerning the alleged damage

9   claims and claims for costs, and upon the development of other pertinent information.

10                              **PRAYER FOR RELIEF**

11       WHEREFORE, Defendant prays for judgment as follows:

12       1.    That Plaintiff takes nothing by way of the Complaint;

13       2.    That judgment be entered against Plaintiff and in favor of Defendant on all causes of

14             action;

15       3.    That Defendant be awarded attorneys' fees and costs of suit incurred herein; and

16       4.    That Defendant be awarded such other and further relief as the Court may deem just

17             and proper.

18                              **DEMAND FOR JURY TRIAL**

19       Defendant hereby demands a trial by jury in the above-entitled matter.

20

21   DATE:  December 20, 2021              FISHER & PHILLIPS LLP

22

23                                        By:
                                             Jason A. Geller
24                                           Juan C. Araneda
                                             Attorneys for Defendant
25                                           WALMART  INC. (erroneously sued as WAL-
                                             MART ASSOCIATES, INC.)
26

27

28

DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT
FP 42582045.1

1

## PROOF OF SERVICE
(CCP §§1013(a) and 2015.5)

2

3

I, the undersigned, am at least 18 years old and not a party to this action. I am employed in the County of San Francisco with the law offices of Fisher & Phillips LLP and its business address is One Embarcadero Center, Suite 2050, San Francisco, California 94111.

4

5

On December 20, 2021, I served the following document(s) **DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT; JURY DEMAND** on the person(s) listed below by placing ☐ *the original* ☒ *a true copy* thereof enclosed in sealed envelope(s) addressed as follows:

6

7

Mazen Khatib
Jorge Rojas
Khatib & Rojas, P.C.
790 E. Colorado Blvd., 9th Floor
Pasadena, CA 91101

**Attorneys for Plaintiff
CONNIE ANGLIN**

T: (877) 791-0432
E: mazen.khatib@calemploymentattorneys.com
jorge.rojas@calemploymentattorneys.com

8

9

10

11

☒   **[by MAIL]** - I enclosed the document(s) in a sealed envelope or package addressed to the person(s) whose address(es) are listed above and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco California, in a sealed envelope with postage fully prepaid.

12

13

14

15

☐   **[by OVERNIGHT DELIVERY]** - I enclosed the document(s) in an envelope or package provided by an overnight delivery carrier and addressed to the person(s) at the address(es) listed above. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of the overnight carrier.

16

17

18

☐   **[by PERSONAL SERVICE]** - I delivered the document(s) to the person(s) at the address(es) listed above by (1) (a) personal delivery, or (b) by leaving the documents in an envelope/package with an individual in charge of the office, or (c) by leaving them in a conspicuous place in the office between the hours of 9:00 a.m. and 6:00 p.m., or (2) by messenger – a copy of the Messenger Declaration is attached.

19

20

21

I declare under penalty of perjury, under the laws of the State of California, that the foregoing is true and correct.

22

23

Executed December 20, 2021, at San Bruno, California.

24

Yorleny Hernandez
_____
Print Name

By: _____
Signature

25

26

27

28

8

DEFENDANT WALMART INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT



My Profile  |  Help (/Help/Operations)  |  Logout (/I

(/Home)

| Incoming (/Operations/Orders/OPSIncomingOrders) | Pending (/Operations/Orders/OPSPendingOrders) | Executed (/Operations/Orders/OPSExecutedOr |

(/Home)   Closed (/Operations/Orders/OPSClosedOrders)   Cases (/Operations/Orders/OPSCases)   Place Order (/NewOrder/Index)
    **Customer: SF30285 - Fisher & Phillips**

**What would you like us to do ?**   [ eFiling ⌄ ]

| Order Info | Case Info | Case Participants | Documents | Court Fees | Order Details |

### Thank you for your order(s)

Your order number(s): **5308166**

For your reference, you will receive an Order Confirmation by email.

If you would like further assistance, please contact our Customer Support at (213) 249-9999 Monday - Friday between the hours of M-F 9 AM to 5:00 PM Pacific.

[ Back to Manage Cases ]

[ « Previous ]   [ Submit ]                                            [ Save As Draft ]

---

**Order Summary**

**eFiling** (Existing Case)

**County:** San Diego

**Case Info:**
Case Number: 37-2021-00047412-CU-WT-N
Case Name: ANGLIN vs WAL-MART ASSO(
[IMAGED]
Category: Civil - Unlimited
Case Type: Wrongful Termination

**Case Participants:**
WAL-MART ASSOCIATES, INC., Defendant
Anglin, Connie, Plaintiff
Geller, Jason, Attorney **(Client)**

**Document(s):**
Answer

**Estimated Court Fees:**
Total fees: $438.00

**Order Details:**
Notify:
  efile3 3
Special Instructions:

---

Terms of Service (/SecureContent?s3DocPath=https://legalconnect.s3.amazonaws.com/tenantlogos/legalconnect/docs/LegalConnectTermsOfService.pdf)  |  Support Policy (/SecureContent?
s3DocPath=https://legalconnect.s3.amazonaws.com/tenantlogos/legalconnect/docs/LegalConnectSupportPolicy.pdf)

Powere(
LEGAL

Ver 8.0.1